IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GEOVANNI JHONATAN REYES-CORTES,<br>a/k/a, Geovanni Gonatan Reyes,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | ) | 1:26-cv-2542 (LMB/WBP) |

ORDER

Petitioner Geovanni Jhonatan Reyes-Cortes ("Reyes-Cortes"), a native and citizen of Mexico, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since August 7, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his Fifth Amendment due process rights (Count II).

Reyes-Cortes is currently detained at the Farmville Detention Center, which is within the Eastern District of Virginia and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Reyes-Cortes has also sued Todd Blanche, the Attorney General; Markwayne Mullin, the DHS Secretary; and Robert Guadian, the Director of the ICE Enforcement and Removal Operations Washington Field Office (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Reyes-Cortes is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted, and the

federal respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to § 1226(a).

I.

According to his Petition, Reyes-Cortes has resided in the United States since he first entered the country in 1995 as a 1-year-old child. [Dkt. No. 1] at ¶ 13. He is married to a U.S. citizen and financially supports her and her 16-year-old daughter. Id. ¶ 16. He has no criminal record and has never been subject to an immigration enforcement action. Id. ¶ 14.

Reyes-Cortes filed his Petition for Writ of Habeas Corpus on August 12, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action." [Dkt. No. 4] at 1. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Reyes-Cortes's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta

opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Reyes-Cortes has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes that numerous district courts throughout the country have found[1] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025).

There is a growing circuit split on this issue, with the majority of circuits agreeing with this Court's decision that § 1226(a) governs detention of noncitizens like petitioner. The Second

---

[1] The overwhelming majority of district courts to consider this issue have held that the detention scheme applicable to noncitizens already residing in the United States is 8 U.S.C. § 1226(a). See Barco Mercado v. Francis, 2025 WL 3295903, at *4 nn. 22–23 (S.D.N.Y. Nov. 26, 2025) (collecting hundreds of federal decisions holding that § 1226(a) is the applicable detention scheme for noncitizens already present in the United States); see also Kyle Cheney, Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy, POLITICO, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614?_sp_pass_consent=true (last updated June 11, 2026).

Circuit considered respondents' position in Barbosa de Cunha v. Freden, and a unanimous panel agreed with "the overwhelming majority of federal judges across the Nation [who have] conclude[d] that the government's novel interpretation of the immigration statutes defies their plain text," holding that the "text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner" and "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 175 F.4th 61, 69 (2d Cir. 2026). As the Second Circuit explained, "even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens." Id. at 69–70.

The Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have similarly been "unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)" and have concluded that "[t]he text and statutory structure of the INA . . . yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." Hernandez Alvarez v. Warden, 175 F.4th 1258, 1262 (11th Cir. 2026); accord Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Cirrus Rojas v. Olson, No. 25-3127 (7th Cir. July 30, 2026); Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026); Santillan Quiroz v. Mullin, 2026 WL 1876709 (10th Cir. June 30, 2026). These conclusions are entirely consistent with this Court's analysis of these detention statues as articulated in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and this Court adopts the findings and conclusions in Hasan into this Order.

The Court recognizes that the Fifth and Eighth Circuits have reached contrary conclusions in two split decisions. Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Those decisions are not binding here, CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020), and the Court is unpersuaded by the Fifth and Eighth Circuit's rationales for many of the reasons set forth in dissenting Judge Douglas's and Judge Erickson's strong dissents. Specifically, Judge Douglas correctly explained the federal respondents' interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. Buenrostro-Mendez, 166 F.4th at 511–13 (Douglas, J., dissenting). And Judge Erickson cogently observed that "[a]ll three branches of government" have understood the detention statutes to "maintain the distinction between unadmitted citizens in the interior and those arriving at the border for detention purposes." Avila, 170 F.4th at 1140 (Erickson, J., dissenting). "Five presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border," "[s]everal courts" interpreted § 1225's reference to noncitizens "seeking admission" "as applying only to those seeking lawful entry at the border," and "Congress never attempted to correct the other two branches." Id. For these reasons, the Court finds the Fifth and Eighth Circuits' majority rulings unpersuasive.

Reyes-Cortes has been present in the United States since 1995. [Dkt. No. 1] at ¶ 13. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Reyes-Cortes's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the

country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Reyes-Cortes's continued detention is unlawful.

III.

For all these reasons, Reyes-Cortes's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that Reyes-Cortes be promptly released from custody, with all his personal property, in order to appear at a bond hearing before an Immigration Judge; and it is further

ORDERED that Reyes-Cortes live at a fixed address which he must provide to the federal respondents[2]; and it is further

ORDERED that respondents provide Reyes-Cortes with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Reyes-Cortes on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Reyes-Cortes is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that if Reyes-Cortes is released on bond, the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons

[2] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

acting in concert with them—be and are ENJOINED from rearresting Reyes-Cortes unless he (1) commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Reyes-Cortes's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 19th day of August, 2026.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge